132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William H. RAYBURN, Petitioner-Appellant,
v.
Belinda STEWART, Respondent-Appellee.
 No. 97-35150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William H. Rayburn, a Washington state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging the revocation of his suspended sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's grant of summary judgment in a habeas corpus proceeding, see Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir.1997), and we affirm.
 
 
 3
 Rayburn contends that the state trial court violated due process by revoking his suspended sentence for failing to make satisfactory progress in a mandated treatment program for sexual deviants. Rayburn contends that the state court violated Bearden v. Georgia, 461 U.S. 660 (1983), by failing to consider Rayburn's inability to pay for the treatment as the cause of his failure to make progress. This contention lacks merit because the partial transcript of Rayburn's revocation hearing shows that the trial court considered alternatives to incarcerating Rayburn and determined those alternatives inadequate to safeguard against the danger Rayburn would present if released without sufficiently intensive supervision and treatment. Cf. Bearden, 461 U.S. at 668-69 (stating that revoking defendant's probation for failure to pay fine or restitution despite good faith effort is fundamentally unfair absent consideration of alternatives to incarceration).
 
 
 4
 Rayburn next contends that his revocation proceedings lacked the minimum due process requirements of Morrissey v. Brewer, 408 U.S. 471 (1972). We disagree. The State provided Rayburn with written notice of his alleged violation, albeit on the same day that his suspended sentence was revoked. This satisfied Rayburn's due process right to pre-revocation notice. See Morrissey, 408 U.S. at 488-89. The trial court satisfied Rayburn's right to a post-revocation statement of evidence relied on and reasons for revocation by stating that its decision to revoke Rayburn's suspended sentence was based on Rayburn's termination from the treatment program, the testimony of Rayburn's treatment provider, the testimony of Rayburn's probation officer, the testimony of Rayburn himself, and the court's determination that the alternative treatment provider proffered by Rayburn was not adequate to insure Rayburn's rehabilitation or the community's safety. See id. at 489.
 
 
 5
 Finally, Rayburn argues that the district court erred by dismissing his petition without first ordering production of the entire transcript of Rayburn's revocation hearing. Again, we disagree. The partial transcript of Rayburn's revocation hearing provided the district court with ample information to address the merits of Rayburn's claims. There was no need to obtain the entire transcript. See Rules Governing § 2254 Cases, Rule 5.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Rayburn's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3